*Charles Partridge* v. *William Menck et al.* S. M. WOODRUFF & M. T. REYNOLDS, for appellant; EDWARD SANDFORD, for respondent. Appeal from an order of the vice chancellor of the first circuit dissolving an injunction. The chancellor decided that since the decision of this court in the case of *Taylor* v. *Carpenter*(*) which was recently affirmed by the court of errors, there was no doubt of the power of the court of chancery to interfere by injunction, to prevent the pirating of trade marks. <span>Jurisdiction to restrain the using or simulating of complainant's trade marks.</span>

That the question in such cases is not whether the complainant was the original inventor or proprietor of the article made by him and upon which he now puts his trade marks; or whether the article made and sold by the defendant under the complainant's trade

(*)In chancery, Dec. 3. 1844. See Chancery Sentinel vol. 4 p. 68.

mark is an article of the same quality or value. But that the court proceeds upon the ground that the complainant has a valuable interest in the good will of his trade or business, and that having appropriated to himself a particular label, or sign, or trade mark indicating that the article is manufactured or sold by him, or by his authority, or that he carries on business at a particular place, he is entitled to protection against a defendant who attempts to pirate upon the good will of the complainant's friends or customers, by sailing under his flag, without his authority or consent.

The chancellor further said that in cases of doubt whether the complainant's trade marks have been actually pirated in such a manner as to be likely to deceive and impose upon his customers or patrons, the court should not grant or retain an injunction until the cause has been heard upon pleadings and proofs, or until the complainant has established his right by an action at law. And considering this a case of that nature, the chancellor decided that the vice chancellor was right, in refusing to sustain the injunction ; and he affirmed the order appealed from, with costs.